# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**KEVIN MITCHELL,**
**ADC #500399**                                                                                    **PLAINTIFF**

**V.**                          **CASE NO. 3:15-CV-309 BSM/BD**

**JOEY MARTIN and**
**POINSETT COUNTY JAIL**                                                                **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**   **Discussion**

   A.   Background

Kevin Mitchell, an Arkansas Department of Correction inmate formerly housed at the Poinsett County Jail ("County Jail"), alleges that Poinsett Jail Administrator Joey

Martin sexually harassed him while he was housed at the County Jail.[1] Mr. Mitchell brings this lawsuit pro se under 42 U.S.C. § 1983, and sues Mr. Martin and the County Jail only in their official capacities.

The Court previously recommended that Mr. Mitchell's claims be dismissed based on his failure to state a constitutional claim. (#4) Mr. Mitchell then moved to amend his complaint, and the Court granted his motion. (#6) Mr. Mitchell has now filed his amended complaint. (#7) Because Mr. Mitchell does not include any additional allegations to bolster the claims made in his original complaint, the Court again recommends that Mr. Mitchell's claims be DISMISSED.

B.  Analysis

Mr. Mitchell alleges that, on September 1, 2015, Defendant Martin made a sexual gesture towards him. He claims that he was sexually abused as a child and that Defendant Martin's conduct caused him severe emotional distress. He explains that he was transferred to the Arkansas Department of Correction the day after the events occurred.

Again, assuming that Mr. Mitchell's allegations are true, Defendant Martin's conduct was unprofessional and cannot be condoned. That said, the conduct alleged here

---

[1] Based on the allegations in Mr. Mitchell's complaint, it is unclear whether he was a pre-trial detainee or convicted person at the time of the underlying events. As the Court previously explained, because Mr. Mitchell was transferred to the Department of Correction the day after the events occurred, however, the Court assumes that he was a convicted person at the time of the incident, so his claims are analyzed under the Eighth Amendment.

does not rise to the level of a constitutional violation.

Sexual harassment or abuse of an inmate by a corrections officer "can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). As the Court clarified in *Freitas*, however, a prison guard's sexual comments and gestures, while "reprehensible," do not state a federal claim for relief. "[S]exual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain" sufficient to sustain an Eighth Amendment violation." *Howard v. Everett*, Case No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. 2000) (unpublished opinion).

Here, Mr. Mitchell does not allege that Defendant Martin touched him or had any physical contact with him. He explains that Defendant Martin tried to "grab him" after he ran out of his office, but that "Mrs. Kim repeated don[']t touch him." (#2 at p.4) Importantly, Mr. Mitchell does not allege that Defendant Martin tried to grab him in any sexual manner.

In addition, in his amended complaint, Mr. Mitchell does not provide any additional factual allegations regarding the underlying events. Rather, he explains that sexual harassment should not be condoned by the courts. Based on the facts alleged in this case, however, Mr. Mitchell has not stated a constitutional claim against Defendant

3

Martin.

Furthermore, Defendant Martin is an employee of Poinsett County, Arkansas. Mr. Mitchell's claims against him in his official capacity are, in effect, claims against Poinsett County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments are not liable under § 1983 for injuries inflicted solely by their employees or agents. *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). Rather, a county is liable for the acts of its employee only when the employee is carrying out a county policy or custom.[2] *Id*.; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009). Furthermore, the County Jail cannot be sued in a § 1983 lawsuit. See *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (county jail is not an entity subject to suit under § 1983).

**III.     Conclusion**

The Court recommends that Mr. Mtichell's claims against Defendant Martin be DISMISSED, without prejudice, based on his failure to state a federal claim. His claims against the County Jail should be DISMISSED, with prejudice. The Court further recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Court certify that an *in forma pauperis* appeal of this dismissal would be

---

[2] For purposes of § 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010). To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id*. at 902–903.

frivolous and not taken in good faith.

DATED this 9th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE